# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

CARL PARKER, )
 )
    Movant, )
 )
vs. ) Case No. 4:06-CV-1413 (CEJ)
 )
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Carl Parker to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response addressing the merits of the motion.

### I. Background

Parker was charged with conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. A jury found Parker and his co-defendant Leo Adams guilty, and Parker was sentenced to a term of imprisonment of 327 months.[1] Parker's conviction and sentence were affirmed on appeal. United States v. Adams, 401 F.3d 886 (8th Cir. 2005).

At trial, the government presented testimony from law enforcement witnesses and from co-conspirators. In addition, the government presented tape recordings of conversations between the co-conspirators, including Parker. One of the recordings, derived from a wiretap and referred to as "Intercept #582," consisted of a telephone conversation on the evening of August 28, 2001, between Parker and co-conspirator

---

[1] Fifteen individuals were charged in the indictment. Parker and Adams were the only defendants who proceeded to trial.

Charles Anthony Rush-Bey. During the conversation, Rush-Bey states that he is calling from the Club Riviera and that a man who testified against him is also there. Rush-Bey describes the man's vehicle as a "convertible with a crop top," and provides the license plate number after Parker asks for it. Rush-Bey expresses concern that the man might leave the club before Parker can get there and tells Parker that the man needs to be "located." Parker states that he has a "long shot glass" and a "microscope," and indicates that the job could be done "[l]ike President Kennedy," because the man had a convertible. The testimony of Michael Adkins established that he and Rush-Bey spotted each other at the Club Riviera on August 28, and that Adkins saw Rush-Bey talking to an unknown person on the telephone. Adkins testified that he was driving a convertible that evening. Adkins testified that he did not know Parker.

The government also introduced a wiretap recording of a June 14, 2001, telephone conversation between Parker, Adams and Rush-Bey. During this conversation, Adams expressed interest in establishing a relationship with Rush-Bey, and stated, "I can leave my other people alone, man." An expert witness for the government testified that during this conversation, Parker acted as a middleman in arranging a 40-ounce heroin transaction between Adams and Rush-Bey. Additional testimony established that Adams had been involved in an earlier, separate heroin distribution conspiracy with Edward and Joseph Serrano, but that this relationship ended in 1999 because of a dispute about money.

Evidence seized pursuant to search warrants was also introduced at trial. During a search of Parker's home, officers seized a loaded firearm, ammunition, heroin, drug distribution paraphernalia, a rifle scope, and a cardboard silhouette of a human figure marked with "kill zones."

## II. Discussion

Parker asserts two grounds for relief in his motion to vacate. First, he claims that he was denied effective assistance of counsel at trial and on appeal. Second, he claims that the indictment was defective and should have been dismissed.

### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant must prove (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that counsel's deficient performance was so prejudicial as to deprive movant of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the performance prong under Strickland, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to prove the prejudice prong, the movant must show that but for counsel's errors, the outcome of the proceeding would have been different. The failure to show prejudice is dispositive. A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

#### 1. Failure to object to Intercept #582 or request limiting instruction

Parker first claims that he was denied effective assistance of counsel by reason of his attorney's failure to object to Intercept #582 during the trial or to seek a limiting instruction with respect to this evidence. He argues that the recording was both irrelevant and prejudicial.

Initially, it must be noted that the record shows that a magistrate judge conducted an evidentiary hearing with respect to the all of the electronic surveillance evidence obtained by the government in its investigation. The magistrate judge concluded that the "wiretaps authorized here were based on probable cause and met

all the requisite statutory elements," and recommended denial of the motions to suppress the evidence. United States v. Maurice Lee, et al., No. 4:01-CR-441 (CEJ), Memorandum, June 10, 2002 (Doc. No. 364). At the same hearing, the magistrate judge considered the motions to suppress evidence filed by Parker and his co-defendants  The magistrate judge recommended that Parker's motion to suppress evidence be denied.  Parker's attorney filed objections in which she specifically challenged the magistrate judge's findings with respect to the intercepted telephone calls involving Parker and the evidence seized from his residence.  The objections were overruled by the Court.  Thus, Parker's contention that his attorney did not object to the wiretap evidence that included Intercept #582 is not supported by the record. Moreover, Parker has not shown that his attorney could have made any additional objection to Intercept #582 that would have resulted in suppression of the evidence or that the outcome of the trial would have been different.

Likewise, Parker has not shown that he was prejudiced by his attorney's failure to object to the admission of Intercept #582 at trial or to ask for a limiting instruction. Other intercepted conversations between Parker and Rush-Bey were admitted into evidence.  In his motion, Parker acknowledges that these conversations were in furtherance of the conspiracy and were relevant to the charge.  See, Traverse of Government's Response, p. 4 (Doc. #13). Additional evidence (including the June 14 conversation between Parker, Adams, and Rush-Bey) served to establish Parker's distribution role in the conspiracy. Contrary to Parker's assertions, the conversation captured in Intercept #582 was relevant to show that he played an additional role in the conspiracy.  The substance of the conversation was consistent with other evidence presented by the government (*i.e.*, the firearm, ammunition and cardboard silhouette seized from Parker's home) showing that Parker also played the role of an enforcer for

Rush-Bey as part of the conspiracy. Parker's assertion that the evidence could have been interpreted differently does not detract from its relevance.[2] Even though the intercepted conversation showed Parker in a bad light, there was no basis for objecting to it or for requesting a instruction that would limit the jury's consideration of the evidence.

### 2. Failure to assert claim of "variance" at trial and on appeal

Parker's second claim is that he was denied effective assistance of counsel by his attorney's failure to object to a variance between the allegations of the indictment and the evidence presented at trial her failure to raise the issue on appeal. Specifically, he argues that the indictment alleged a single conspiracy, but the government's evidence established two separate and unrelated conspiracies----one involving cocaine and the other involving heroin. According to Parker, co-defendant Maurice Lee was "an independent dealer that merely purchased cocaine from one side and heroin from the other side." See, Memorandum in Support of Motion, p. 17 (Doc. No. 1-2). He further asserts that there was no interaction between the members of the separate conspiracies.

A variance occurs when the evidence at trial proves facts other than those alleged in the indictment. See, United States v. Morales, 113 F.3d 116, 119 (8th Cir. 1997). Accordingly, there is a variance when a single conspiracy is alleged in the indictment, but the proof at trial establishes multiple conspiracies. United States v. Jones, 880 F.2d 55, 66 (8th Cir. 1989). Even when a variance is shown, reversal is required "only if . . . the evidence adduced at trial does not support a finding of a

---

[2] Parker argues that it is likely that Rush-Bey was simply "venting because of some perceived slight" that had occurred. He also describes the conversation as "totally innocuous . . . with violent overtones . . ." See, Memorandum In Support of Motion, p. 6 (Doc. No. 1-2)

–5–

single conspiracy, <u>and</u> [the defendant is] prejudiced by the variance." <u>United States v. Benford</u>, 360 F.3d 913, 914 (8th Cir. 2004) (emphasis added). Thus, when reviewing a claim of variance, an appellate court "examine[s] whether a reasonable jury could have determined that the defendant participated in the single conspiracy charged in the indictment." <u>United States v. Sdoulam</u>, 398 F.3d 981, 991 (8th Cir. 2005).

Here, the indictment charged a single count of conspiracy to distribute and to possess with intent to distribute cocaine, cocaine base and heroin. All fifteen defendants were alleged to have participated in the conspiracy. In affirming Parker's conviction, the Court of Appeals wrote:

> Contrary to Parker's argument, the government presented sufficient evidence to support his conspiracy conviction. Indeed, ample evidence supports the verdict. Among other things, the intercepted conversations, including the June 14, 2001, conversation, and the items seized from Parker's home, including heroin, blenders, notebooks with drug and weapons notations, weapons, the cardboard silhouette of a human figure, and the rifle scope, establish that Parker knowingly agreed to participate in the Rush-Bey conspiracy.

<u>United States v. Adams</u>, 401 F.3d at 894.

Parker did not raise the issue of variance or of multiple conspiracies on appeal. However, his co-defendant Adams did. Adams argued that the trial court should have given his proffered multiple conspiracy instruction, because the 40-ounce heroin sale involving himself, Parker and Rush-Bey was a conspiracy separate from the conspiracy alleged in the indictment.[3] The Court of Appeals wrote:

> His [Adams'] argument is without merit. "[A] single overall conspiracy can be made up of a number of separate transactions and a number of groups involved in separate crimes or acts." *United States v. Roach*, 164 F.3d 403, 412 (8th Cir. 1998). In any event, "[i]f the evidence supports a single conspiracy, the failure to give a multiple conspiracy instruction is not reversible error." *Id.*

---

[3]Parker's trial counsel joined in Adams' request for a multiple conspiracy jury instruction.

–6–

United States v. Adams, 401 F.3d at 898.

Thus, even if Parker's counsel had asserted a claim of variance at trial or on appeal, it is clear that such a claim would not have been successful. Therefore, Parker cannot establish that he was prejudiced.

## B. Defective Indictment

Parker's final claim is that the indictment was defective in that it failed to charge a cognizable offense. He did not raise this issue before or at trial or on appeal, but it appears that he is asserting attorney ineffectiveness as an excuse for this procedural default. Regardless of how the claim is now being framed, it is without merit.

This Court has previously determined that the indictment was sufficient on its face, as it contained the essential elements of the drug conspiracy charge so as to fairly inform the defendants of the charge they had to defend against and to enable them to plead double jeopardy as a bar to future prosecution. See United States v. Maurice Lee, et al., No. 4:01-CR-441 (CEJ), Order and Report and Recommendation (July 29, 2002), and Memorandum and Order (October 15, 2002). Parker presents nothing that would support a contrary determination now.

In a motion to dismiss the indictment, co-defendant Adams asserted that the indictment was duplicitous because it cited 21 U.S.C. § 846 as the statutory basis for the charge, but contained allegations of racketeering activity relevant to a RICO charge under 18 U.S.C. § 1962. Parker makes the same assertion in his motion to vacate. The Court ruled that dismissal was not required, even if the indictment were duplicitous, and that any duplicity could be cured by an appropriate jury instruction. As the record of the trial reflects, the government's presented evidence to prove a violation of 21 U.S.C. § 846, not RICO. Parker fails to show that a motion to dismiss

the indictment based on the grounds he asserts here would have been granted. Thus, he has not established prejudiced.

### III. Conclusion

For the foregoing reasons, the Court concludes that Parker has not established that he was denied effective assistance of counsel, either at trial or on appeal, or that the indictment was deficient in any way. Therefore, he is not entitled to relief under 28 U.S.C. § 2255. Additionally, the Court finds that Parker has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Carl Parker to vacate, set aside, or correct sentence [Doc. No. 1 ] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2009.